■ META-LITE INC., Respondent, v ZOLLO CONSTRUCTION CORP. et al., Appellants. [663 NYS2d 820] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 19, 1996, which granted plaintiff's motion for summary judgment, unanimously affirmed, with costs.

The IAS Court properly granted plaintiff's motion for summary judgment. Defendant's contention that triable issues of fact exist as to whether plaintiff delivered the subject goods in an untimely fashion, and whether defendant was damaged by such untimely delivery is unsupported by sufficient evidence and thus amounts to no more than conclusory allegations (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE BROWN, Appellant. [662 NYS2d 122] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered July 12, 1994, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 6 to 18 years and 4 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations (*see, People v Gaimari*, 176 NY 84, 94).

The court properly granted the People's request for a missing witness charge with regard to defendant's girlfriend, who was under the control of defendant and whose noncumulative testimony on the issue of defendant's whereabouts at the time the crime was committed would have been material to the defendant's alibi defense (*see, People v Rodriguez*, 38 NY2d 95, 101; *see also, People v Gonzalez*, 68 NY2d 424). Defendant's explanation for failing to call the witness was inadequate, given the potential significance of her testimony. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.